IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMETHY FOSTER, | ) |
| Petitioner, | ) |
| v. | ) C.A. No. 09-93 Erie |
| | ) Judge Sean J. McLaughlin |
| HOLLY R. FOSTER, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

In a Memorandum Opinion and Order dated September 4, 2009, I granted Petitioner Timothy Foster's ("Petitioner") Petition for Return of Minor Child to Canada Pursuant to the Hague Convention, 19 I.L.M. 1501 (1980), and ordered that "Isaiah Foster shall be returned in the company of Respondent to Canada within 20 days" of that Order. In do doing, I concluded that the Respondent had failed to meet her burden of proving by clear and convincing that her son, Isaiah, would be subjected to a grave risk of physical or psychological harm if order to return to Canada. See Foster v. Foster, 2009 WL 2883036, *12-13 (W.D. Pa. 2009).

On September 14, 2009, Respondent filed a Motion to Stay [Doc. No. 18] wherein she requests that this Court grant a stay of the September 4th Order pending an appeal to the Third Circuit. Respondent contends that her appellate rights will be effectively eliminated if the Order is not stayed because the event that she's seeking to avoid - Isaiah's return to Canada - will have already occurred.

In determining whether to grant a stay, courts generally consider four factors: (1) whether the

stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986); Koch v. Koch, 2006 WL 503231, *1 (E.D. Wis. 2006). Here, I find that none of the four factors weighs in favor of a stay.

First, I conclude that Respondent has failed to demonstrate that she is likely to succeed on the merits. As previously discussed, I found in my Memorandum Opinion that Respondent failed to demonstrate that Isaiah would suffer a grave risk of harm if returned to Canada or that the Canadian court system and legal authorities would be unable or unwilling to protect Isaiah. The instances of abuse alleged by Respondent were isolated and sporadic, and the expert witness called by Respondent to testify was unable to conclude with psychological certainty that Isaiah would likely suffer psychological harm if forced to return to Canada. In comparison to those instances where other courts found that a grave risk of harm precluded a minor child's return to his or her nation of habitual residence, the facts alleged here fell significantly short. See, e.g., Van De Sande v. Van De Sande, 431 F.3d 567, 570 (7th Cir. 2005); Walsh v. Walsh, 221 F.3d 204, 219-20 (1st Cir. 2000); Rodriguez v. Rodriguez, 33 F.Supp.2d 456, 459-60 (D. Md. 1999).

Second, Respondent will not suffer irreparable harm if the stay is not granted. An appeal from a decision under the Hague Convention is not rendered moot because the child is returned to his or her place of habitual residence. Whiting v. Krassner, 391 F.3d 540, 545 (3rd Cir. 2004). If Respondent's appeal is successful and this Court's order of September 4th is reversed, there is nothing to suggest that Respondent and Isaiah would be unable to return to the United States during

the pendency of the Canadian custody proceedings which have already been commenced. Moreover, our conclusion relative to the lack of irreparable harm is buttressed by our findings as to a lack of a grave risk of physical or psychological harm to the child. While it is extremely unfortunate that Isaiah may have to be removed from his school and his new surroundings to return to Canada for the duration of the custody proceedings, the Hague Convention makes it clear that "[a] removing parent must not be allowed to abduct a child and then - when brought to court - complain that the child has grown used to the surroundings to which they were abducted. Under the logic of the Convention, it is the *abduction* that causes the pangs of subsequent return." See Friedrich v. Friedrich, 78 F.3d 1060, 1068 (6th Cir. 1996).

      Third, no other interested persons will be injured by a denial of the motion to stay.

      Finally, the public interest supports denial of the stay. The very purpose of the Hague Convention is "to secure the *prompt* return of children wrongfully removed to or retained in" a foreign jurisdiction. See Hague Convention, preamble (emphasis added).

      An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY FOSTER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | C.A. No. 09-93 Erie |
| ) | Judge Sean J. McLaughlin |
| HOLLY R. FOSTER, ) | |
| ) | |
| Respondent. ) | |

## ORDER

AND NOW, this 18th day of September, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Respondent's Motion to Stay [Doc. No. 18] is DENIED.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.